**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES JOHNSON** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **V.** | § | **Civil No. 1:15cv224-HSO-JCG** |
| | § | |
| | § | |
| **MARSHA BROOKS GULLETTE** | § | **DEFENDANT** |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

This matter is before the Court sua sponte on the question of subject matter jurisdiction.  On July 10, 2015, Plaintiff James Johnson, pro se, filed his Complaint [1] in this matter together with his Motion Seeking Relief for Bias of Court [2].  On July 14, 2015, the Magistrate Judge entered an Order [4] requiring Plaintiff to brief the issue of subject matter jurisdiction as "both parties are residents of Harrison County, Mississippi" and, although the "Civil Cover Sheet [1-1] indicates that a 'Federal Question' is the basis for this Court's jurisdiction . . . there are no federal claims asserted on the face of the Complaint."  Order [4] at 1.  In response, Johnson filed his Brief Regarding Subject Matter Jurisdiction [6] on August 18, 2015.  The Court, having considered the pleadings[1] and all relevant legal authorities, finds that Plaintiff has not met his burden of demonstrating the existence of federal

---

[1]      Under the "well-pleaded complaint" rule, the Court's review of pleadings is limited to the allegations contained in the Complaint for the determination of whether Plaintiff has raised issues of federal law.  *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010)(citations omitted).    Because Johnson is proceeding pro se, the Court has reviewed all of Johnson's pleadings.

subject matter jurisdiction.  Pursuant to Federal Rule of Civil Procedure 12(h)(3),

Plaintiff's Complaint should be dismissed without prejudice.

## I. BACKGROUND

On July 10, 2015, Plaintiff James Johnson ("Johnson") filed a Complaint [1]

in this Court, naming Marsha Brooks Gullette ("Gullette") as Defendant.  According

to the Complaint, both Johnson and Gullette are adult resident citizens of Harrison

County, Mississippi.  Compl. [1] at 1.  On the face of the Complaint [1], Johnson

states that he is "seeking Bias relief in the Circuit Court of Harrison County 2nd

District, and damages to and loss of property, Cause No. A2402-2003-00162."

Compl. [1] at 1.  Johnson indicates that federal court jurisdiction is premised upon a

federal question presented on the Civil Cover Sheet [1-1], not in the Complaint.

Johnson also filed his Motion Seeking Relief for Bias of Court [2] on July 10,

2015.  In the Motion [2], Johnson complains of approximately 12 years of frustrating

litigation between him and Gullette (and others), through which litigation Johnson

has sought "relief from damages to loss of income caused by Mrs. Brooks (Gullette)."

Mot. [2] at 2.[2]  As evidence of his frustration with the ongoing litigation, Johnson

identifies several cause numbers for matters in state court, federal bankruptcy

court, and the United States District Court.  Johnson appears to be asking this

Court to grant him relief from his frustration because "I could not get any relief . . .

in Court sof [sic] Harrison County."  *Id.*

---

[2]     The page numbers correspond with ECF's pagination of this document.

In response to the Magistrate Judge's Order [4] requiring briefing on subject matter jurisdiction, Johnson filed his Brief Regarding Subject Matter Jurisdiction [6] on August 18, 2015.  In his Brief [6], Johnson asserts that the basis for jurisdiction is found in 28 U.S.C. §1441 and 28 U.S.C. §1331.[3]  Brief [6] at 1. Johnson again discusses his years of litigation frustration before concluding that he "views the jurisdiction of this matter to be one for Federal jurisdiction due to FEMA and the United States Bankruptcy courts' involvement."  *Id.* at 5.

## II. DISCUSSION

### A. Legal Standard

Federal courts must consider subject matter jurisdiction sua sponte if not raised by the parties.  *E.E.O.C. v. Agro Distrib.*, 555 F.3d 462, 467 (5th Cir. 2009); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  The burden of establishing subject matter jurisdiction rests upon the party who seeks to invoke the court's jurisdiction.  *Rivera-Sanchez v. Reno*, 198 F.3d 545, 546 (5th Cir. 1999); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).  Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction, having only "the authority endowed by the Constitution and that conferred by Congress."  *Halmekangas v.*

---

[3]     Johnson's Brief [6] cites to "28:1441; 28:1331".  Brief [6] at 1.  This Court construes Johnson's citations as references to 28 U.S.C. §1441 and 28 U.S.C. §1331. Additionally, this Court notes that the removal provisions of 28 U.S.C. §1441 are not applicable in this matter because this matter was not removed from state court.

*State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (quoting *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982)).  28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

B.     <u>Whether Subject Matter Jurisdiction Exists</u>

It is clear from the face of Plaintiff's Complaint that complete diversity of citizenship is lacking, as both Johnson and Gullette are citizens of Mississippi. Compl. [1] at 1; *see also* 28 U.S.C. § 1332(a)(1).  Nor does it appear that Johnson has stated any claims against Gullette which arise under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  Since the parties are not diverse and Johnson did not assert a claim against Gullette that arises under federal law, federal jurisdiction over this matter is lacking.

In sum, Johnson has not carried his burden of showing that federal jurisdiction exists in this case.  The parties are not diverse and, after a thorough analysis of the pleadings and all relevant legal authorities, this Court concludes that Johnson has failed to state a claim against Gullette that arises under federal law.  His claims more properly belong in state court.  Pursuant to Rule 12(h)(3), dismissal of Plaintiff's claims without prejudice is required.

III.  CONCLUSION

For the foregoing reasons, Plaintiff's Complaint will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff James Johnson's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this the 2nd day of October, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE